## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Ryan Myres, | * | |
| On behalf of himself and those | * | |
| similarly situated, | | Case No. 2:20-cv-5390 |
| | * | |
| Plaintiff, | | Judge |
| | * | |
| v. | | Magistrate Judge |
| | * | |
| Hopebridge, LLC | | **JURY DEMAND ENDORSED HEREON** |
| c/o URS Agent, Inc. | * | |
| 4568 Mayfield Road, Suite 204 | | |
| Cleveland, Ohio 44121, | * | |
| | | |
| Defendant. | * | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Named Plaintiff Ryan Myres ("Myres," "Named Plaintiff," or "Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against Hopebridge, LLC ("Hopebridge" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and they are made on information and belief

as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby state as follows:

## I.      JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio, and Defendant has its principal place of business or it otherwise conducted substantial business in the Southern District of Ohio.

## II.     FACTUAL ALLEGATIONS

### A.  Named Plaintiff Myres

4.      Myres is an individual, United States citizen, he resides in the Southern District of Ohio, and he worked for Defendant in this judicial district.

5.      During Named Plaintiff's employment, he worked as a registered behavior technician ("RBT") from approximately January, 2020 until approximately September 15, 2020.

6.      During all times relevant when he worked as an RBT, Myres was paid on an hourly basis and he was a non-exempt employee. As a result, he was an "employee" of Defendant as defined in the FLSA and Ohio Acts.

7.     Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b) (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

### B.  Defendant Hopebridge, LLC

8.     Defendant is a foreign limited liability company with its principal place of business located at 3500 Depauw Blvd., Suite 3070, Indianapolis, Indiana, but it is authorized to conduct business (and did conduct business) in the state of Ohio during all times relevant.

9.     Defendant provides healthcare services, including personalized therapy for children and their families affected by behavioral, physical, social, communication, and sensory challenges, as well as outpatient services.

10.     According to Defendant's own website, Defendant employs thousands of similarly situated employees as Plaintiff and operates out of approximately 58 facilities located in Ohio (9), Indiana (17), Kentucky (6), Georgia (14), Colorado (6), and Arizona (6).[1]

11.     Defendant is and has been doing business in this judicial district.

12.     At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

13.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

---

[1] https://www.hopebridge.com/centers/ (last visited October 9, 2020).

14.     During all times relevant, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

15.     Upon information and belief, Defendant operates/operated and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or it has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

III.    **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

**(Unpaid Overtime Due to Break Policy and/or Practice)**

16.     Named Plaintiff and other similarly situated employees are current or former non-exempt hourly employees of Defendant. Defendant's workweek is from Monday through Sunday.

17.     Defendant suffered or permitted Named Plaintiff and others similarly situated to work more than forty (40) hours in one or more workweeks, entitling them to overtime compensation under the FLSA.

18.     During their employment with Defendant, Named Plaintiff and similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked due to its company-wide policy of not compensating its employees for rest periods as well as meal periods that are interrupted due to job duties performed for the primary benefit of Defendant.

19.     Specifically, Defendant has a written policy in its employee handbook that requires its hourly, non-exempt associates to clock out for "breaks and lunch if the break/lunch exceeds 15 minutes." However, as described below, Plaintiff and similarly situated employees are owed

unpaid overtime because Defendant does not compensate employees for interrupted meal breaks or short rest breaks.

### Defendant Failed to Pay for Hours Worked during Interrupted "Meal Periods" when Plaintiff and other similarly situated employees were Clocked out for at least 20 minutes

20.     First, at all times relevant, Defendant requires Plaintiff and similarly situated employees to clock out for "meal breaks." However, they were not paid for "meal breaks" even if their meal breaks were interrupted by their job duties.

21.     The job duties which generally interrupted their meal periods, include but were not limited to completing insurance paperwork for their respective clients/patient, creating/maintaining patient/client treatment notes, reading and responding to company emails, and performing other miscellaneous tasks that arose during that time period.

22.     As a result, they did not have a bona fide meal period of 30 minutes under the wage and hour laws and attendant regulations. *See* 29 C.F.R. § 785.19.

### Defendant did compensate Plaintiff and other similarly situated employees for Short Breaks of 19 minutes or Less in Duration

23.     Second, Defendant does not compensate Plaintiff and similarly situated employees for short rest breaks of 19 minutes or less regardless of the reason for the break. At all times, Defendant required Plaintiff and similarly situated employees to clock out for short rest breaks.

24.     As a result, during one or more workweeks when Plaintiff and similarly situated employees were required to clock out for breaks of 19 minutes or less in duration, they should have been paid for this time. *See* 29 C.F.R. § 785.18.

### Sample Workweek for Plaintiff Myres

25.     Defendant's unlawful pay policy and/or practice of deducting short unpaid breaks from employees' hours worked as outlined above is reflected in the following representative

workweek. During the workweek of Monday, February 24, 2020 to Sunday, February 29, 2020, Plaintiff worked more than 40 hours. However, he was not paid for all hours worked as follows:

a) On February 24, 2020, he clocked out from 11:43 am to 12:00 pm, which was only 17 minutes and should have been compensated.

b) On February 26, 2020, he clocked out from 11:21 am to 11:37 am, which was only 16 minutes and should have been compensated.

c) On February 28, 2020, he clocked out from 2:56 pm to 3:06 pm, which was only 10 minutes and should have been compensated.[2]

26.     As a result, Plaintiff worked more than 40 hours, but was not fully compensated resulting in unpaid overtime compensation.

27.     Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees as described herein.

28.     Upon information and belief, for the three years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt employees at their facilities across the United States, including Named Plaintiff.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

29.     Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All of Defendant's current and former hourly, non-exempt employees who were scheduled to work 40 or more hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§ 216(b) Collective Class" or the "§ 216(b) Collective Class Members").

---

[2] Plaintiff provides this example as merely illustrative of the companywide practice or policy of not compensating employees for short rest breaks.

30.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

31.     In addition to the Named Plaintiff, the putative § 216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because of its failure to compensate employees for interrupted meal breaks and/or for short rest breaks when they worked forty (40) or more hours in one or more workweeks. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of his interests as well as their own in bringing this action.

32.     The identity of the putative § 216(b) Collective Class Members are known to Defendant or are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

33.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and § 216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and § 216(b) Collective Class Members.

**B.  Fed. R. Civ. P. 23 Class Action for Unpaid Overtime Wages.**

34.     Named Plaintiff also brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All of Defendant's current and former hourly, non-exempt employees who were scheduled to work 40 or more hours in any workweek beginning two years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

35.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because of its failure to compensate employees for interrupted meal breaks and/or for short rest breaks when they worked forty (40) or more hours in one or more workweeks. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of his interests as well as their own in bringing this action.

36.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

37.     Named Plaintiff is a member of the Ohio Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

38.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

39.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

40.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

41.     Questions of law and fact are common to the Ohio Rule 23 Class.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

44.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

45.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members for all hours worked in excess of forty hours per week because of its failure to compensate employees for interrupted meal breaks and/or for short rest breaks; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation that was withheld or not paid to them.

46.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial,

administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.  CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

47.    All of the preceding paragraphs are realleged as if fully rewritten herein.

48.    This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the § 216(b) Collective Class Members.

49.    During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the § 216(b) Collective Class Members.

50.    Named Plaintiff and the § 216(b) Collective Class Members were paid on an hourly basis and they were employed in non-exempt positions during the relevant time period.

51.    Named Plaintiff and the § 216(b) Collective Class Members worked in excess of 40 hours in one or more workweeks during their employment.

52.    The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

53.    The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times times their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

54. Plaintiff and the § 216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

55. Plaintiff and the § 216(b) Collective Class Members worked in excess of forty hours during one or more workweek(s) within the relevant time period described herein.

56. Defendant violated the FLSA with respect to Plaintiff and the § 216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in one or more workweeks as outlined above.

57. Named Plaintiff and the § 216(b) Collective Class Members should have been paid overtime for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

58. Named Plaintiff and the § 216(b) Collective Class Members should have been paid for all overtime hours worked during the three years prior to the filing of this Complaint.

59. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the § 216(b) Collective Class Members are entitled.

60. The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the § 216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession or were not otherwise kept by Defendant.

61. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and

attorneys' fees, and all other remedies available on behalf of himself and the § 216(b) Collective Class Members.

## COUNT II
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

62.     All of the preceding paragraphs are realleged as if fully rewritten herein.

63.     This claim is brought under Ohio law.

64.     The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

65.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

66.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid for all hours worked over 40 in one or more workweeks as outlined above.

67.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not fully paid for all overtime hours worked because of Defendant's policies/practices as described herein.

68.     Defendant's company-wide corporate policies and/or practices as outlined herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

69.     Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

70.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

71.     Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. § 4111.03, and, as such, Defendant acted willfully.

72.     For Defendant's violations of R.C. § 4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages, the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

<u>**COUNT III**</u>
**(R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)**

73.     All of the preceding paragraphs are realleged as if fully rewritten herein.

74.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

75.     During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

76.     The OPPA requires Defendant to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

77.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages for all hours worked, including overtime wages at one-and-one-half times their regular rate of pay as described herein within thirty (30) days of performing the work as outlined above. *See* R.C. § 4113.15(B).

78.     The Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

79.     The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

80.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

### COUNT IV
### (R.C. § 2307.60 – RULE 23 CLASS ACTION DAMAGES)

81.     All of the preceding paragraphs are realleged as if fully rewritten herein.

82.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

83.     By Defendant's acts and omissions described herein, Defendant has willfully violated the FLSA and the Ohio Acts, and Plaintiff and the Rule 23 Class have been injured as a result.

84.     Ohio Revised Code § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

85.     As a result of Defendant's willful violations of the FLSA and the Ohio Acts, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to R.C. § 2307.60.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, as to all counts, Named Plaintiff and others similarly situated pray for an Order against Defendant as follows:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the § 216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.      A declaratory judgment that Defendant's payroll policies or practices as outlined above violates the FLSA;

D.      An order for injunctive relief, ordering Defendant to end all of the illegal wage policies and practices alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

E.      Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the § 216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

F.      Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

G.      Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.      Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

J.      Such other and further relief as to this Court may deem necessary, just, or proper.

K.      A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of certain overtime compensation and violations of the OPPA;

L.      An order for injunctive relief ordering Defendant to end all of the illegal wage policies and practices alleged herein pursuant to the Ohio Wage Act and the OPPA and requiring Defendant to follow such laws going forward;

M.      An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N.      Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

O.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts and also reimbursement of expenses;

P.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period or $200 for each pay period, whichever is higher;

Q.      Compensatory and punitive damages pursuant to R.C. § 2307.60;

R.      An award of prejudgment and post-judgment interest;

S.  Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**Bryant Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman