UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RYAN MYRES, *et al*,

    Plaintiffs,

v.

                                Case No.: 2:20-cv-5390
                                JUDGE EDMUND A. SARGUS, JR.
                                Magistrate Judge Kimberly A. Jolson

HOPEBRIDGE, LLC,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. (ECF No. 25). For the following reasons, Plaintiffs' Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 25) is **GRANTED**, subject to the conditions of this Opinion and Order.

### I.

Plaintiffs, Ryan Myres ("Myres") and Aaliyah Thompson ("Thompson") (Collectively "Plaintiffs"), bring this action against Defendant Hopebridge, LLC ("Defendant"). Plaintiffs allege that Defendant failed to pay hourly, non-exempt employees overtime wages for all hours worked pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as Ohio law. (Am. Compl., ECF No. 15.)

Defendant provides healthcare services, including personalized therapy for children and their families affected by behavioral, physical, social, communication, and sensory challenges, as well as outpatient services at its autism therapy centers. (*Id.* at ¶ 27; *see also* Def. Resp. at 2, ECF

1

No. 30.) According to Plaintiffs, Defendant employs thousands of employees at approximately fifty-eight (58) centers located in Ohio, Indiana, Kentucky, Georgia, Colorado, and Arizona. (Am. Compl. at ¶ 28, ECF No. 15.) Both Myres and Thompson worked as a registered behavior technician ("RBT") at one of Defendant's autism therapy centers. (*Id.* at ¶¶ 5, 13.)

Plaintiffs move for conditional class certification, and in support of their motion Plaintiffs submit nine (9) total declarations from themselves and seven opt-in plaintiffs. (ECF Nos. 25-1 through 25-9.) Defendant employed each of the declarants as an RBT at one or another of its therapy centers. (Myres Decl., Ex. A, at ¶ 3; Thompson Decl., Ex. B, at ¶ 3; Simmons Decl., Ex. C, at ¶ 3; Skevington Decl., Ex. D, at ¶ 3; Amptmeyer Decl., Ex. E, at ¶ 3; E. Kelly Decl., Ex. F, at ¶ 3; L. Kelly Decl., Ex. G, at ¶ 3; Dean Decl., Ex. H, at ¶ 3; Licari Decl., Ex. I, at ¶ 3, ECF No. 25.)

According to the declarants, Defendant applies the same policies and procedures companywide. (*E.g.*, Myres Decl., Ex. A, at ¶ 8, ECF No. 25-1.) Allegedly, pursuant to these policies and practices Defendant required Plaintiffs and other RBTs to attend weekly or monthly group meetings prior to the scheduled start of their shifts, as well as perform daily preparatory job duties, without clocking in for this time. (*E.g.*, *id.* at ¶¶ 12–13, 15–18.) This typically took between forty-five (45) and sixty (60) minutes. (*E.g.*, *id.* at ¶ 19.) Additionally, Defendant required Plaintiffs to clock out during occupational therapy services and speech therapy services, which typically took between thirty (30) and sixty (60) minutes. Plaintiffs were not primarily responsible for overseeing patients during these sessions, but allegedly still performed work during that time. (*E.g.*, *id.* at ¶¶ 21–22, 24–26.) Defendant also allegedly had a written policy requiring RBTs to clock out for breaks and lunches exceeding fifteen (15) minutes, as well as a practice of requiring RBTs to clock out for all breaks, regardless of duration. (*E.g.*, *id.* at ¶¶ 28–29; Ex. 1, ECF No. 25-

2

1, PageID 176.) And, Defendant allegedly required RBTs to clean and organize the patient rooms, mop, vacuum, and perform other job duties for at least ten (10) to twenty (20) minutes each day after clocking out. (*E.g.*, Myres Decl., Ex. A, at ¶¶ 36–39, ECF No. 25-1.)

## II.

Plaintiffs move for conditional certification under 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) "must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

"For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547).

3

In order to obtain conditional certification a plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). A plaintiff can meet this burden by demonstrating that she and the other putative class members "'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)).

## III.

### A. Conditional Certification

Plaintiffs request for the Court to conditionally certify the following class:

> All current and former hourly employees of Hopebridge who (a) worked as a Registered Behavior Technician; and (b) whose payroll records reflect that they worked forty or more hours in any workweek beginning three years preceding the instant Motion and continuing to the present ("Potential Opt-In Plaintiffs").

(Mot. for Cond. Cert. at 1, ECF No. 25, PageID 135.)

Plaintiffs submit that they and the potential opt-in plaintiffs are similarly situated. To support the allegations contained in their Amended Complaint, Plaintiffs attached nine declarations to the instant motion. These declarations detail similar experiences of RBTs who worked at Defendant's therapy centers. Plaintiffs also attached Defendant's employee handbook, which contains a written policy that allegedly violates the FLSA by requiring employees to clock out for breaks exceeding 15 minutes. (Employee Handbook, Ex. 1, ECF No. 25-1, PageID 176.) Plaintiffs posit that the foregoing sufficiently establishes that Plaintiffs' claims and those of the

proposed class are unified by one or more common FLSA-violation theories. As such, Plaintiffs request that this Court conditionally certify the class.

Defendant opposes conditional certification on two grounds. First, Defendant argues that this Court lacks personal jurisdiction over Defendant as to the claims of out-of-state opt-in plaintiffs. (Def. Resp. at 1, 5, ECF No. 30). Next, Defendant argues that by including individuals whose payroll records reflect that they "worked 40 or more hours in any workweek[,]" the proposed class is too broad. (*See id.* at 1, 13–14.)

### 1. Personal Jurisdiction

Defendant argues that *Bristol-Myres Squibb Co. v. Superior Court of California*, —— U.S. ——, 137 S. Ct. 1773 (2017) ("*BMS*") and its progeny establish that courts lack jurisdiction over claims of out-of-state [opt ins] in a putative collective action unless specific jurisdiction exists. *Id.* at 3. To support its position, Defendant relies on various district courts that have applied *BMS* to FLSA conditional certification motions. (Def. Resp. at 10, ECF No. 30.) Plaintiff disagrees and contends that a response to a motion for conditional certification is an improper vehicle for raising a personal jurisdiction argument and that such argument fails on the merits in any event because the *BMS* holding does not apply to FLSA suits. This Court agrees.

As this Court indicated in April 2021, the issue of whether *BMS* applies to FLSA collective actions is not settled; it has not been decided by any circuit, and district courts are divided. *Knecht v. C & W Facility Services, Inc.*, 2:20-CV-3899, 2021 WL 1572795, at *3 (S.D. Ohio Apr. 20, 2021) (declining to apply *BMS* to a collective action). The question is, however, currently under review by the Sixth Circuit in *Canaday v. The Anthem Cos., Inc.*, No. 20-5947 (6th Cir. Aug. 19, 2020).

As this Court explained:

5

> District courts across the country have taken various approaches. Some district courts have considered the personal jurisdiction issue on a motion to dismiss and concluded that *BMS* applies to FLSA collective actions such that federal district courts lack personal jurisdiction over defendants with respect to claims brought by out-of-state opt ins. *E.g., Hutt v. Greenix Pest Control, LLC*, No. 2:20-cv-1108, 2020 WL 6892013, at *8 (S.D. Ohio Nov. 24, 2020); *Rafferty v. Denny's Inc.*, No. 5:18-cv-2409, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019); *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 849–50 (N.D. Ohio 2018). Many of these courts liken opt-in plaintiffs in FLSA suits to plaintiffs in mass torts rather than to absent class members in class actions.
>
> Others have similarly held that *BMS* applies to FLSA collective actions and precludes the exercise of personal jurisdiction over claims by out-of-state opt ins but have done so in a ruling on a motion for conditional certification rather than a motion to dismiss. *See, e.g., Vallone v. CJS Sols. Grp., LLC*, 437 F. Supp. 3d 687, 691 (D. Minn. 2020); *Greinstein v. Fieldcore Servs. Sols., LLC*, No. 2:18-CV-208-Z, 2020 WL 6821005, at **3–6 (N.D. Tex. Nov. 20, 2020). Procedurally, these courts justified addressing personal jurisdiction at the conditional certification stage as necessary to ensure notice was provided only to individuals who could properly join the class. *Greinstein*, 2020 WL 6821005, at *3.

*Knecht*, 2021 WL 1572795, at *3–4.

This Court then concluded that it would follow the majority of courts and refuse to apply BMS to a FLSA collective action, explaining:

> The majority of district courts, however, have concluded—either at the motion to dismiss stage or on a motion for conditional certification—that *BMS* does not apply to FLSA collective actions. *See, e.g., Chavez v. Stellar Mgmt. Grp. VII, LLC*, No. 19-CV-01353-JCS, 2020 WL 4505482, at **6–7 (N.D. Cal. Aug. 5, 2020) (noting that the majority of district courts have found *BMS* does not apply while the minority have found *BMS* does apply); *Hammond v. Floor & Decor Outlets of Am., Inc.*, No. 3:19-CV-01099, 2020 WL 2473717, at *15 (M.D. Tenn. May 13, 2020) ("The court concludes that the holding in *BMS* does not extend to cases such as this one, involving an FLSA collective action filed in federal courts ...."); *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017). Courts in this group have found that applying *BMS* to FLSA collective actions would frustrate the intent of Congress to permit nationwide FLSA claims and splinter most nationwide actions. *Swamy*, 2017 WL 5196780, at *2. Further, courts have limited *BMS*'s holding to the jurisdiction of state courts, finding *BMS* does not apply to federal courts addressing a federal question. *See Chavez*, 2020 WL 4505482, at *7.
>
> Moreover, at least two district courts have refused to evaluate the personal jurisdiction issue at the conditional certification stage if the court has personal

jurisdiction over the defendant for all named plaintiffs' claims. *See, e.g., Warren v. MBI Energy Servs., Inc.*, Case No. 1:19-cv-00800-RM-STV, 2020 WL 5640617, at *2 (D. Colo. Sept. 22, 2020) (finding that raising the *BMS* argument at the conditional certification stage "puts the proverbial cart before the horse"); *Belt v. P.F. Chang's China Bistro, Inc.*, No. 18-3831, 2020 WL 3829026, at **7–8 (E.D. Pa. Jul. 8, 2020) ("[T]he Court cannot decide whether it has jurisdiction over individuals who have not yet opted-in because they are not parties to the collective action."); *cf. Parker v. IAS Logistics DFW, LLC*, No. 20 C 5103, 2021 WL 170788, at *4 (N.D. Ill. Jan. 19, 2021) ("Defendant's motion to dismiss for lack of personal jurisdiction is denied without prejudice to renewal after a determination on conditional certification."). In *Belt*, the court held that it was "inappropriate to reach the question of personal jurisdiction before individuals have even been given notice of the collective action and the opportunity to opt-in." 2020 WL 3829026, at *7. Even though additional employees had filed written consents and would likely join the suit, the court held that such persons were not yet opt-in plaintiffs because the court hadn't yet approved the conditional certification. *Id.* at *8.

*Id.* at *4.

In the instant action too, the Court follows the majority of cases, yet emphasizes that it is the majority of cases that provide the most persuasive analysis. That is, in *BMS*, nearly 700 plaintiffs had filed a mass tort action—not a collective or class action—against the defendant pharmaceutical company in California state court, for injuries allegedly caused by a drug manufactured by the defendant. *BMS*, 137 S. Ct. at 1778. Nearly 600 of the plaintiffs were residents of states other than California; they had not bought the drug in California, suffered injury in California, or been treated in California. *Id.* The defendant was incorporated in Delaware and headquartered in New York, with substantial operations in New York and New Jersey. *Id.* at 1777–78. *BMS* addressed the due process protections of the Fourteenth Amendment as they apply to a state court's exercise of specific jurisdiction over mass tort claims asserted by out-of-state plaintiffs against an out-of-state defendant. The Supreme Court ultimately held that the California state courts could not exercise personal jurisdiction over the claims of the out-of-state plaintiffs and had erred in finding specific jurisdiction "without identifying any adequate link between [California] and the nonresidents' claims." *Id.* 1781.

7

Contrary to the factual scenario in *BMS*, an FLSA claim is a federal claim created by Congress specifically to address employment practices nationwide, that Congress created a mechanism for employees to bring their claims on behalf of other employees who are "similarly situated," and that Congress in no way limited those claims to in-state plaintiffs. 29 U.S.C. §§ 202, 207(a), 216(b)). Moreover, the Court notes that the Sixth Circuit declined to extent *BMS* to federal class actions. *Lyngaas v. Ag*, Nos. 20-1199/1200/1243, 2021 WL 1115870 at *15 (6th Cir. March 24, 2021). The present matter is before the Court on Plaintiffs' Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. Conditional certification is merely the first stage, the notice stage, and may be followed by final certification or decertification. Accordingly, the Court declines to apply *BMS* to this FLSA claim.

2. **Breadth of Proposed Class**

The Court turns to Defendant's next argument, that the proposed class is too broad. Defendant disagrees with use of the language defining the proposed class to cover individuals "whose payroll records reflect that they worked forty or more hours in any workweek." According to Defendant, this language includes individuals that did not work over forty hours in a workweek and who cannot assert an FLSA claim for unpaid overtime. (Def. Resp. at 13–14, ECF No. 30.) Plaintiffs reply by pointing out that the time actually worked is not necessarily the same as the time reflected in the payroll records. (Pl. Reply at 16, ECF No. 35.) Plaintiffs further point out that they allege they were not paid all overtime worked because of additional *unrecorded* and unpaid worktime. (*Id.*) (citing Am. Compl. at ¶¶ 39–63, ECF No. 15). At this stage the Court does not "resolve factual disputes, or evaluate credibility." *Brittmon* 285 F. Supp. 3d at 1042. Given the nature of the allegations, the proposed language is not overbroad.

Accordingly, Plaintiffs have satisfied their modest burden at this stage, and the Court conditionally certifies the proposed class.

**B. Proposed Notice and Consent to Join Form**

In addition to asking the Court to certify Plaintiffs' proposed class, Plaintiffs request that the Court:

1) Approve the content contained in the proposed Notice and Consent to Join;

2) Order Defendant to produce in an electronic and importable format, a list of all potential opt-in plaintiffs who worked for Defendant at any time from three years preceding the instant motion through the present, that list including their names, dates of employment, location(s) worked, last known mailing addresses, and personal email addresses, within fourteen (14) days of this Order;

3) Order that the Notice be sent to potential opt-in plaintiffs within fourteen (14) days of receiving the list, using the home and email addresses provided by Defendant; and

4) Implement an Opt-in period.

(Mot. for Cond. Cert. at 1, 2, ECF No. 25.)

Plaintiffs attached a proposed Notice and Consent to Join form to its Motion for Conditional Class Certification. (Ex. J, ECF No. 25-10.) Defendant's opposition pertains to the matter of conditionally certifying the proposed class; Defendant does not raise any objection specific to the proposed notice and consent to join form or otherwise. The Court will review the proposed Notice and terms of delivery to "ensure that the notice is timely, accurate, and informative[.]" *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 166 (1989).

### 1. The Form and Content of the Notice and Consent to Join Forms

The Court has reviewed and generally approves the form and content of Plaintiffs' proposed Notice, (Ex. J, ECF No. 25-10, PageID 284–85), with the exception that after *"This is a Court-Authorized Notice and is Not a Solicitation from a Lawyer"* Plaintiffs shall include *"The Court Has Made No Finding as to the Merits of This Case at this Time."* The Court also approves the form and content of Plaintiff's proposed Consent to Join. (*Id.* at PageID 286.)

### 2. Defendant's Production of Contact Information

Plaintiffs request that Defendant produce, in an electronic and modifiable form, the names, dates of employment, location(s) worked, last known mailing addresses, and personal email addresses of potential opt-in plaintiffs within fourteen (14) days of this Opinion and Order. Defendant had the opportunity to object to this term and did not. Thus, the Court hereby orders Defendant to produce the requested information to Plaintiffs within fourteen (14) days of this Opinion and Order.

### 3. Method of Delivery

Plaintiffs request to send the Notice and Consent to Join forms to the putative class members by email and first-class mail. "Courts traditionally approve only a single method of notification unless there is a reason to believe that method is ineffective." *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) (citing *Fenley*, 170 F. Supp. 3d at 1074). "The trend in this Court, however, is to allow notice by mail and email to ensure that putative class members receive notice of the pending action." *Parker v. Breck's Ridge, LLC*, No. 2:17-CV-633, 2018 WL 551328, at *6 (S.D. Ohio Jan. 24, 2018) (citing cases). Allowing email delivery in addition to first class mail "will (i) increase the likelihood that all potential opt-in plaintiffs receive notice of the suit and (ii) likely obviate the need to resend notice if an employee's

home address is inaccurate." *Id.* Accordingly, Plaintiffs may send the Notice by both first-class mail and email.

### 4. Ninety-Day Opt-In Period

"There is no hard and fast rule controlling the length of FLSA notice periods." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016). Courts in this District have exercised their discretion and found appropriate opt-in periods lasting anywhere from forty-five to ninety days, depending on the circumstances. *Compare Snelling v. ATC Healthcare Servs., Inc.*, No. 2:11-CV-00983, 2013 WL 1386026, at *6, n.3 (S.D. Ohio Apr. 4, 2013) *with Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *1 (S.D. Ohio Feb. 26, 2015). Plaintiffs' proposed Notice suggests a 90-day deadline as the appropriate opt-in period. (Ex. J, ECF No. 25-10, PageID 284–85.) Defendant has made no statement on the matter. Accordingly, the Court approves a ninety-day opt-in period.

### IV.

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs, subject to the conditions of this Opinion and Order. (ECF No. 25.) The Court also **GRANTS** Plaintiffs' request for the production of the aforementioned contact information, and Defendants shall produce that contract information within **FOURTEEN (14) DAYS.**

**IT IS SO ORDERED.**

6/29/2021
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**